IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DANIEL D. MOSS,<br>                Plaintiff,<br>v.<br>INTERNAL REVENUE SERVICE,<br>                Defendant. | CV. 04-1803-AS<br><br>OPINION AND ORDER |

ASHMANSKAS, Magistrate Judge:

Plaintiff filed this action requesting a refund of excess taxes paid. Before the court is defendant's Motion to Stay pursuant to 26 U.S.C. § 7422(e). Defendant has also moved the court for an order substituting the United States as the sole defendant. For the reasons that follow, defendant's motions are granted.

BACKGROUND

Plaintiff filed this Petition for Refund of Excess Taxes Paid on December 10, 2004. Defendant was served on June 10, 2005, and has not yet filed an answer. To date, no substantive hearings or proceedings have occurred.

Page 1 - FINDINGS AND RECOMMENDATION

On July 27, 2005, the IRS issued to plaintiff a statutory notice of deficiency for the 2002 tax year. Plaintiff has consented to the notice of deficiency.

DISCUSSION

<u>Motion to Substitute</u>

Plaintiff has named the IRS as the defendant in this action. The IRS is not a suable entity. <u>White v. IRS</u>, 790 F. Supp. 1017, 1019 (D. Nev. 1990); <u>Blackmar v. Guerre</u>, 342 U.S. 512 (1952). The United States should be substituted in as the sole defendant in this action. <u>White v. IRS</u>, 790 F. Supp. 1017, 1019 (D. Nev. 1990); <u>Posey v. U.S. Dept. of Treasury I.R.S.</u>, 156 B.R. 910, 917 (W.D.N.Y. 1993); <u>Provenza v. Rinaudo</u>, 586 F. Supp. 1113, 1117 (D.C. Md. 1984).

<u>Motion to Stay</u>

Pursuant to 26 U.S.C. 7422(e), if a statutory notice of deficiency is issued to a taxpayer prior to the hearing of that taxpayer's suit to recover excess taxes paid, the district court must stay the taxpayer's suit to allow the taxpayer to file a petition with the Tax Court for a redetermination of the asserted deficiency:

> (e) **Stay of proceedings.** If the Secretary prior to the hearing of a suit brought by a taxpayer in a district court or the United States Claims Court for the recovery of any income tax, estate tax, gift tax, or tax imposed by chapter 41, 42, 43, or 44 (or any penalty relating to such taxes) mails to the taxpayer a notice that a deficiency has been determined in respect of the tax which is the subject matter of taxpayer's suit, the proceedings in taxpayer's suit shall be stayed during the period of time in which the taxpayer may file a petition with the Tax Court for a redetermination of the asserted deficiency, and for 60 days thereafter.

26 U.S.C.A. § 7422(e).

Here, the IRS issued to plaintiff a statutory notice of deficiency on July 27, 2005. The

notice was issued prior to the hearing of plaintiff's suit. Brown v. Commissioner, 71 T.C.M. (CCH) 2301 (1996) (interpreting phrase "the hearing" to mean an actual trial); Statland v. U.S., 178 F.3d 465, 470 (7th Cir. 1999) (citing Brown, 71 T.C.M. (CCH) 2301). Even though the taxpayer has consented to the deficiency, the language of 26 U.S.C. § 7422(e) mandates a stay. Accordingly, this action will be stayed for the requisite 90 days, 26 U.S.C. § 6213(a), and an additional 60 days thereafter, 26 U.S.C.A. § 7422(e), for a total of 150 days. The period of the stay will run from the date of the notice of deficiency, that is July 27, 2005. 26 U.S.C. § 6213(a).

## CONCLUSION

For the foregoing reasons, defendants' Motion to Stay (No. 13) is Granted.

Dated this 23rd day of August, 2005.

    /s/ Donald C. Ashmanskas
Honorable Donald C. Ashmanskas
U.S. Magistrate Judge