FILED'06 JUL 19 14:38USDC-ORP

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

| DANIEL D. MOSS, | ) | |
|---|---|---|
| | ) | Civ. No. 04-1803-PK |
| Plaintiff, | ) | |
| | ) | **FINDINGS AND RECOMMENDATION** |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**PAPAK, J.**

Pro se plaintiff Daniel D. Moss brings this action against
the United States, claiming that for tax year 2002 he is entitled
to a cash refund of $57,848 plus interest. The United States
contends that Moss is entitled only to a tax credit carryforward
under the Alternative Minimum Tax (AMT) provisions of the
Internal Revenue Code, 26 U.S.C. §§ 55-59.

The United States moves for summary judgment. I recommend
granting the motion.

////

1 - FINDINGS AND RECOMMENDATION

## BACKGROUND

The facts are undisputed.  See Pltf.'s Resp. at 3 (plaintiff "agrees with the material facts set forth by the Defendant").  In 2000, Moss's employer, the Intel Corp., granted Moss incentive stock options, or ISOs.  Moss exercised the stock options in July 2000.

When calculating regular income tax (as opposed to the alternative minimum tax), an employee may defer reporting the receipt or exercise of incentive stock options until the employee sells the stock.  The employee then pays income tax on the difference between the sale price of the stock and the amount paid for the stock when the employee exercised the options.  If the employee meets certain requirements, including holding the stock for more than a year, gains from the sale of the stock are taxed at the lower rates for long-term capital gains.  See 26 U.S.C. §§ 421-422, 1222.

However, the alternative minimum tax provisions define income more broadly than the regular income tax provisions, including items that are exempted from regular tax.  For AMT purposes, an employee's exercise of his incentive stock options may be treated as income in the year of the exercise, unless the employee sells the stock in the same year.  See 26 U.S.C.

2 - FINDINGS AND RECOMMENDATION

§ 56(b)(3).[1]  The alternative minimum tax applies to the
difference between the amount paid for the options and the fair
market value of the options at the time of exercise.  See 26
U.S.C. § 83.

Therefore, when Moss calculated his regular income tax for
the 2000 tax year, he was not required to report the exercise of
his stock options as income.  However, when Moss calculated his
alternative minimum tax for the 2000 tax year, he was required to
report income of $397,942 for exercising the stock options.
After applying other adjustments and preferences, Moss added
$351,018 to his regular taxable income for an alternative minimum
taxable income of $678,334.  Moss then correctly calculated his
tentative minimum tax, or TMT, by applying the AMT rate to the
alternative minimum taxable income.  Next, the regular income tax
is compared to TMT.  If TMT is greater than the regular income
tax, the TMT is the final tax liability for the taxable year.
Moss's tentative minimum tax for AMT purposes was $163,459, and
his regular tax was $66,673.  Therefore Moss's alternative

---

[1]Section 56(b)(3) provides:
Section 421 shall not apply to the transfer of stock
acquired pursuant to the exercise of an incentive stock
option (as defined in section 422).  Section 422(c)(2)
shall apply in any case where the disposition and the
inclusion for purposes of this part are within the same
taxable year and such section shall not apply in any
other case.  The adjusted basis of any stock so
acquired shall be determined on the basis of the
treatment prescribed by this paragraph.

3 - FINDINGS AND RECOMMENDATION

minimum tax was $96,786 (the tentative minimum tax minus the regular tax).  See 26 U.S.C. § 55(a).  Because the tentative minimum tax was greater than the regular tax, Moss's income tax liability for the 2000 tax year was $163,459 (the regular tax plus the alternative minimum tax).

Taxpayers are allowed a minimum tax credit against their federal income tax liability, equal to the excess of "the adjusted net minimum tax imposed for all prior taxable years beginning after 1986, over the amount allowable as a credit . . . for such prior taxable years."  26 U.S.C. § 53(b); see id. at § 53(d) (formula for calculating adjusted net minimum tax).  For the 2000 tax year, Moss had a minimum tax credit carryforward of $25,528.  However, because Moss's tentative minimum tax was greater than his regular tax liability, he was not able to apply any of the minimum tax credit carryforward in the 2000 tax year.  Moss may carry forward the minimum tax credit with no time limit, to be u sed when his regular tax liability exceeds his tentative minimum tax.  See 26 U.S.C. § 53(b), (c).

In November and December 2001, Moss sold the stock he had purchased through the incentive stock options.  The price of the stock had dropped since he exercised the options, resulting in a loss for AMT purposes.  However, for calculating regular tax liability for the 2001 tax year, Moss correctly reported that the sale of the stock resulted in a long-term capital gain of

4 - FINDINGS AND RECOMMENDATION

$166,878.  Moss's regular income tax was $43,262.

For alternative minimum tax purposes, Moss reported a loss of $397,942.  With adjustments, his total loss for AMT purposes was $363,144.  After applying this loss to his regular tax income for 2001, Moss reported a loss of $138,917.  Because Moss had a net loss to report as alternative minimum tax income, he had no alternative minimum tax for the 2001 tax year.  Because Moss's regular income tax was greater than his tentative minimum tax, Moss was able to apply a tax credit for the full amount of the regular tax, $43,262, eliminating his income tax liability for the 2001 tax year.  Moss received a minimum tax credit carryforward of $73,420.

For the 2002 tax year, which is at issue here, Moss's tentative minimum tax for AMT purposes was $15,328.  Moss's regular tax liability for the 2002 tax year was $15,572.  Moss received a minimum tax credit of $244, the amount by which his regular tax liability exceeded his tentative minimum tax.  Moss received a minimum tax credit carryforward for the 2003 tax year of $73,176.

In July 2003, Moss filed an amended tax return form for the 2002 tax year, seeking a refund of the minimum tax credit carryforward of $73,176.  In November 2003, the IRS denied Moss's request for a refund.  That refund request is at issue here.

In November 2004, Moss filed a second amended tax return for

the 2002 tax year, seeking a refund of $15,328, the income tax he paid for 2002. Although the IRS initially issued Moss a refund check for the amount requested plus interest, the IRS then assessed a deficiency. Moss paid the deficiency and has not sought a refund of the $15,328 plus interest and penalties. It is undisputed that the refund Moss now seeks is limited to $57,848 plus interest. See Pltf.'s Resp. at 3.

### STANDARDS

The court must grant summary judgment if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). If the moving party shows that there are no genuine issues of material fact, the nonmoving party must go beyond the pleadings and designate facts showing an issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

The substantive law governing a claim or defense determines whether a fact is material. T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). The court should resolve reasonable doubts about the existence of an issue of material fact against the moving party. Id. at 631.

### DISCUSSION

This action is suitable for summary judgment because the material facts are undisputed, leaving only legal issues to be resolved.

Moss contends that he is entitled to a cash refund rather than a minimum tax credit carryforward.  However, he cites no authority for his argument.  The statutes authorize a tax credit, not a refund.

Moss contends that he should receive a refund because there is no assurance that he will be able to use the tax credit carryforward.  Moss is not the first taxpayer to argue that the alternative minimum tax provisions are unfair.

In Speltz v. Commissioner, 124 T.C. 165, 166 (U.S. Tax Ct. 2005), aff'd, 2006 WL 1933412 (8th Cir. July 14, 2006), the taxpayers incurred AMT liability for exercising incentive stock options, only to have the value of the stock fall steeply when they sold it.  The taxpayers claimed that they could not afford to pay their AMT liability, but the IRS rejected the taxpayers' offer of compromise.  In upholding the rejection, the Tax Court stated, "The unfortunate consequences of the AMT in various circumstances have been litigated since shortly after the adoption of the AMT.  In many different contexts, literal application of the AMT has led to a perceived hardship, but challenges based on equity have been uniformly rejected."  Id. at 176 (citations omitted).  Moss's argument that the alternative minimum tax provisions are unfair must be addressed to Congress, not this court.  See Kenseth v. Commissioner, 259 F.3d 881, 885 (7th Cir. 2001) ("it is not a feasible judicial undertaking to

7 - FINDINGS AND RECOMMENDATION

achieve global equity in taxation . . . . And if it were a
feasible judicial undertaking, it still would not be a proper
one, equity in taxation being a political rather than a jural
concept.").

Moss argues that Congress has authorized the IRS to
implement "the regulations governing the AMT and therefore the
responsibility for correcting any deficiencies in those
regulations." Pltf.'s Resp. at 5-6.  However, the alternative
minimum tax was created by statute, not regulation.  Neither this
court nor the IRS may rewrite statutes.

CONCLUSION

The United States' motion for summary judgment (#32-1)
should be granted.

SCHEDULING ORDER

The above Findings and Recommendation will be referred to a
United States District Judge for review.  Objections, if any, are
due August 3, 2006.  If no objections are filed, review of the
Findings and Recommendation will go under advisement on that
date.  If objections are filed, a response to the objections is
due fourteen days after the date the objections are filed

DATED this 19th day of July, 2006.

PAUL PAPAK
United States Magistrate Judge